# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

---

**BILLIE JO POOLE**
422 East Quincey Street
New London, WI 54961,

                Plaintiff,

                                    Case No. _____

-vs-

**POWERGRID SOLUTIONS, INC.**
311 0 Progress Drive
Oshkosh, WI 54901, and

**POWERGRID SOLUTIONS, LLC**
311 0 Progress Drive
Oshkosh, WI 54901,

                Defendants.

---

## COMPLAINT

---

Billie Jo Poole, by her attorneys, Dempsey Law Firm, LLP, alleges as follows:

### Nature of Action

1. Plaintiff brings this Complaint against her former employer, Powergrid Solutions, Inc., the Defendant, to redress unlawful discrimination practices on the basis of age, gender, and disability in violation of the Age Discrimination in Employment Act of 1967 (ADEA) [29 U.S.C. § 621 et seq.], the Americans with Disabilities Act ("ADA"), and the

### Jurisdiction and Venue

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 626 (b), and 28 U.S.C. § 1343 (civil rights).

3.  Venue in this Court is appropriate pursuant to 42 U.S.C. § 12117 (a), 42 U.S.C. § 2000E-5 (f)(3), and 28 U.S.C. § 1391, because the employment practices involved in this dispute occurred in New London, Outagamie County, Wisconsin, and thus venue is proper in the Green Bay Division of the Eastern District of Wisconsin.

### Conditions Precedent

4.  All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. P., have been performed or have otherwise occurred.

### Jury Demand

5.  Plaintiff demands that this case be tried to a jury of his peers.

### Parties

6.  Plaintiff is an adult who resides at 422 East Quincey Street, New London, WI 54961.

7.  Defendant Powergrid Solutions, Inc. is a corporation organized and existing under the laws of the state of Wisconsin with its principal place of business located at 3110 Progress Drive, Oshkosh, Wisconsin 54901.

8.  Defendant Powergrid Solutions, LLC is a corporation organized and existing under the laws of the state of Wisconsin with its principal place of business located at 3110 Progress Drive, Oshkosh, Wisconsin 54901.

### Operative Facts

9.  Plaintiff was born on August 22, 1968.

10. Plaintiff is over the age of forty (40).

11. Plaintiff is a female.

12. Defendants design, engineer, and manufacture low and medium-voltage power quality, power generation, and distribution equipment.

13. On June 19, 2015, Defendants hired the Plaintiff as an assembler at a wage of $12.00 per hour. Plaintiff was trained to operate a forklift and crane. Plaintiff was qualified to perform the duties and responsibilities of her position.

14. Plaintiff received pay increases of $1.00 per hour in February 2016 and $0.50 per hour in August 2016.

15. Other male employees who performed the same or substantially similar duties and responsibilities as the Plaintiff received higher compensation than the Plaintiff.

16. Other employees who performed the same or substantially similar duties and responsibilities as the Plaintiff and had similar experience, but were under the age of forty (40), received higher compensation than the Plaintiff.

17. Plaintiff is an individual with a disability and a qualified individual with a disability.

18. Plaintiff has a physical impairment relating to her back and a record of such impairment.

19. Plaintiff informed the Defendants that she has a physical impairment relating to her back.

20. Plaintiff had a disability as defined by the ADA, as amended, in that she had a physical impairment of his back and disabling symptoms arising therefrom, at the time she was terminated from employment.

21.     Plaintiff's back impairment and condition constitutes a disability as defined by the ADA, as amended, because it substantially limits her in various major life activities, including his ability to lift, stand, perform manual tasks, walk, bend, and work.

22.     Plaintiff's history of back pain, impairment, and treatment constitutes a "record of disability" as defined by the ADA, as amended.

23.     Defendants intentionally, with malice and reckless indifference of the Plaintiff's rights, violated the ADA, as amended, by refusing to accommodate her disability and terminating her, despite knowing that the ADA-required such accommodations.

24.     Defendant's discriminatory conduct has caused and continues to cause the Plaintiff to suffer substantial physical and mental/emotional distress and inconvenience.

25.     Defendants refused to participate in any interactive dialogue with the Plaintiff as to potential accommodations that could be made.

26.     Plaintiff took a medical-related absence from work shortly before December 15, 2016.

27.     On December 15, 2016, the Defendants terminated the employment of the Plaintiff.

28.     Defendants' articulated reasons for the Plaintiff's termination is a pretext for unlawful discrimination.

29.     Defendant terminated the Plaintiff because of her age.

30.     Defendant terminated the Plaintiff because of her disability.

31.     Defendant terminated the Plaintiff because of her gender.

## Claim for Relief: Age Discrimination

32.     As and for a claim for relief, the Plaintiff re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

33.     The allegations more particularly described above constituted violations of the ADEA [29 U.S.C. § 621, et. seq.] when the Defendant terminated the employment of the Plaintiff because of her age, and otherwise treated her differently because of her age.

34.     As a result of the Defendants intentional discrimination, the Plaintiff has suffered damages in the form of pain and suffering, emotional distress, and loss of wages and other employment benefits.

## Claim for Relief: Disability Discrimination

35.     As and for a claim for relief, the Plaintiff re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

36.     The allegations more particularly described above constituted violations of the ADA [42 U.S.C. § 12112, et. seq.] when the Defendant terminated the employment of the Plaintiff because of her disability, and otherwise treated her differently because of her disability, including refusing to reasonably accommodate her.

37.     As a result of the Defendants intentional discrimination, the Plaintiff has suffered damages in the form of pain and suffering, emotional distress, and loss of wages and other employment benefits.

## Claim for Relief: Gender Discrimination

38.     As and for a claim for relief, the Plaintiff re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

39. The allegations more particularly described above constituted violations of the Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. 2000e, et seq.] when the Defendants terminated the employment of the Plaintiff because of her gender, and otherwise treated her differently because of her gender.

40. As a result of the Defendants intentional discrimination, the Plaintiff has suffered damages in the form of pain and suffering, emotional distress, and loss of wages and other employment benefits.

**WHEREFORE**, the Plaintiff seeks the following relief:

41. A declaration that the Plaintiff's rights under the ADEA, ADA, and/or Title VII were violated;

42. Any actual monetary losses sustained by the Plaintiff as a direct result of the violations;

43. The interest on the amount described in items listed above, calculated at the prevailing rate;

44. Restoration and make-whole relief for the loss of any employment benefits or other compensation denied or lost by the Plaintiff;

45. Reinstatement with seniority and any promotional opportunities the Plaintiff would have had but for the discriminatory conduct;

46. An Order prohibiting the Defendants from any further prohibited discrimination against the Plaintiff;

47. Compensatory damages against the Defendant because of the past and future physical and mental pain and distress and inconvenience caused by its discriminatory actions;

48. Punitive damages because the Defendants acted with malice and reckless indifference of the Plaintiff's rights;

49. Attorney's fees, litigation expenses and costs incurred in obtaining relief and pursuing this action;

50. Post judgment interest; and

51. Any other relief the court deems just and proper.

Dated at **Oshkosh**, Wisconsin this __18th__ day of __January__, 20<u>19</u>.

**DEMPSEY LAW FIRM, LLP**
Attorneys for __Plaintiff__


s/ Peter J. Culp
Peter J. Culp
Wisconsin Bar No. 1022595


**ADDRESS:**
210 North Main Street, Suite 100
Oshkosh, WI 54903-0886

Telephone:	920-235-7300
Facsimile:	920-235-2011
Email:	peterc@dempseylaw.com